## MORRIS et al. v. SMITH.

No. 4761.   Decided January 13, 1930.   (288 P. 1068.)
Rehearing Denied June 19, 1930.

*C. R. Hollingsworth* and *J. E. Evans*, both of Ogden (*S. R. Thurman, Delbert M. Draper,* and *Allen G. Thurman,* all of Salt Lake City, of counsel), for appellant.

*Pratt & Pratt,* of Ogden, and *W. W. Porter,* of Morgan, for respondents.

ELIAS HANSEN, J.

This is a suit in equity to determine the rights of adverse claimants to the use of water which flows from what is known as the Stewart spring. The spring is located in the northwest quarter of section 26, township 4 north, range 2 east of the Salt Lake Meridian, in Morgan county, Utah. The plaintiffs allege in their complaint that they are the

owners of the right to the use of all of the water flowing from the spring together with the right to course the water to their lands through a ditch which crosses defendant's land. They also allege that defendant had wrongfully deprived them of the use of their water to their damage. They pray judgment that their rights be quieted, that the defendant be enjoined from interfering with the water and the ditch, and for damages to their crops caused by the defendant depriving them of the use of the water. The defendant in his answer denies that the plaintiffs are the owners of the right to use the Stewart spring water. He also filed a counterclaim wherein he alleges that he is the owner of the right to the use of all of the water flowing from the Stewart spring and that he has been damaged by the plaintiffs wrongfully depriving him of the use of the water. Defendant prayed judgment that his right to the use of the water be quieted, that plaintiffs be enjoined from interfering with his use of the water, and for damages sustained by him because of the plaintiff's wrongfully depriving him of the use of the water.

A trial was had to the court sitting without a jury. Findings of fact, conclusions of law, and a decree and judgment were made and entered in the cause. By the judgment and decree plaintiffs are awarded the right to the use of all of the water which flows from the Stewart spring from June 30th to September 15th of each and every year, provided that if prior to September 15th the water from the Stewart spring shall, from natural causes, cease to flow down to plaintiffs' land then defendant may use the same. The right to the use of the water flowing from the Stewart spring during the remainder of the year is left undetermined. The plaintiffs were also awarded an easement for a ditch across defendant's land. The defendant is perpetually enjoined from interfering with the water awarded to the plaintiffs and from interfering with the right of the plaintiffs to clean out and repair the ditch which conveys tahe water from the Stewart spring to their lands. Plain-

tiffs were also awarded a judgment against the defendant for damages in the sum of $25.

The defendant prosecutes this appeal from the judgment and decree. By his assignments of error the judgment and decree are attacked upon various grounds, among them that the findings of fact and conclusions of law and the judgment and decree are contrary to and are not supported by the evidence.

The Stewart spring is located upon land which, at the time of trial, was owned by one Davis. So far as is made to appear, Davis claims no interest in the water here in dispute. Defendant owns a tract of land which lies near the spring and to the northwest thereof. It is upon this tract of land that defendant claims the right to use the spring water. The plaintiffs are the owners in severalty of various tracts of land lying northwesterly from defendant's land. It is upon these tracts of land that the plaintiffs claim the right to use the spring water. At the time of trial, and for many years before that time, the water from the spring flowed northwesterly through an artificially constructed ditch which crosses defendant's land and extends to the lands owned by the plaintiffs. There is a conflict in the evidence as to who first applied the spring water to a beneficial use and as to the extent of such use. The plaintiffs offered evidence tending to show that they and their predecessors in title have used the water from the spring to irrigate their lands for more than fifty years. Likewise the evidence offered by defendant tends to show that he and his predecessors in title have used the water from the spring to irrigate the land now owned by him for a similar period. For reasons presently to be considered we do not deem it necessary to determine who first applied the water in controversy to a beneficial use.

The undisputed evidence shows that in about the year 1889 the predecessors in title to the lands now owned by the plaintiffs made arrangements to secure water from

sources other than the Stewart spring with which to irrigate their lands. In order to convey the water which it was proposed to acquire onto the lands now owned by the plaintiffs, it was necessary to construct an artificial ditch across the land now owned by the defendant. A committee consisting of David Clawson and Thomas Grover were appointed by plaintiffs' predecessors in title to secure the necessary right of way for an irrigation ditch across the land of John Preece, the defendant's predecessor in title. The committee thus appointed succeeded in securing the consent of Preece to the construction of the proposed irrigation ditch across his land upon the condition that the right of Preece to use the water flowing from the Stewart spring should not be interfered with by them. Pursuant to this agreement plaintiffs' predecessors in title constructed the irrigation ditch across the land then owned by John Preece and now owned by the defendant. The ditch so constructed was used for a period of one or two years to convey water from what is referred to in the evidence as the Millrace ditch to the lands now owned by the plaintiffs and there used for irrigation. Difficulties were encountered in securing water from the Millrace ditch, and after one or two years the attempt to secure water from that source was abandoned. There is a conflict in the evidence as to whether or not any water from the Stewart spring reached the lands now owned by the plaintiffs before the ditch across the land now owned by the defendant was constructed. The evidence shows without substantial conflict that since the ditch was constructed across the land now owned by the defendant some water from the Stewart spring has been diverted into that ditch and at times has been used by plaintiffs and their predecessors in title to irrigate their lands. Before the ditch was constructed, defendant's land was wet and swampy. Apparently the ditch has carried away some of the surplus water which theretofore stood upon and seeped through defendant's land. The course of the easement for the irrigation ditch over defendant's land which

is awarded to plaintiffs by the decree and judgment appealed from is for the most part identical with the ditch which was constructed by plaintiffs' predecessors in title pursuant to the agreement with John Preece, defendant's predecessor in title. The decree and judgment appealed from thus in effect awards to the plaintiffs the benefits that were acquired by their predecessors in title by reason of the agreement entered into by them in 1889 with defendant's predecessor in title, but denies to the defendant the benefits of that agreement. It is an elementary rule, both of law and equity, that one who is a party to a contract, or in privity with such party, may not retain the benefits of such contract and at the same time repudiate its obligations. The inception of plaintiffs' claim to the right of way for an irrigation ditch across defendant's land was the agreement entered into in 1889 between their predecessors in title and the predecessor in title of the defendant. So far as is made to appear from the record before us, the basis of plaintiffs' claim to the right to maintain the ditch across defendant's land is that agreement together with the fact that the ditch has been used by the plaintiffs and their predecessors in title since it was constructed. The sole consideration given for the right to construct and maintain the ditch was the agreement of plaintiffs' predecessors in title that they would not interfere with the right of defendant's predecessor in title to the use of the water from the Stewart spring. Plaintiffs and their predecessors in title have enjoyed, and so far as appears are entitled to continue to enjoy, the benefits of that agreement. The defendant is likewise, so far as is made to appear, entitled to have the terms of that agreement enforced to the extent of such a quantity of water from the Stewart spring as he may be able to put to a beneficial use upon the lands which he has heretofore irrigated with such water. So far as appears, the agreement of 1889 has not been amended or repudiated by the parties thereto or their successors in title. While the evidence shows that since the agreement of 1889

was entered into some of the water from the Stewart spring has been used by plaintiffs and their predecessors in title to irrigate their lands, the evidence does not show that such use has been adverse to any need that the defendant and his predecessors in title might have had to the use of the water for the irrigation of the land owned by the defendant.

The record before us is silent as to the quantity of water that may be beneficially used on defendant's land. Therefore it is impossible for us to either make or direct findings, conclusions, or decree. The only alternative is to reverse the judgment and remand the cause for a new trial.

Appellant contends that the state of Utah should have been made a party defendant to this suit, and that the decree and judgment appealed from should be reversed because the state of Utah was not made a party. In support of such contention reliance is had upon the provisions of Laws Utah 1919, c. 67. It is there provided:

Section 38: "Whenever any civil action is commenced in the district court involving the use of water from any river system or water source, the court, in its discretion, may, if a general determination of the rights to the use of water from said river system or water source has not already been made, proceed, as in this Act provided, to make such a general determination. In any action for the determination of water rights the State of Utah shall be joined as a necessary party."

We are of the opinion that the provision of law relied upon is limited in its application to suits wherein a general adjudication is sought. This is not such a suit. *Smith* v. *District Court*, 69 Utah 493, 256 P. 539. Moreover, neither the plaintiffs nor the defendant questioned the propriety of proceeding with the trial of the case in the court below without the state of Utah being a party thereto. The defendant having failed to raise any question because of the nonjoinder of the state of Utah as a party to the suit in the trial court, he cannot now be heard to complain in this court because the state of Utah was not made a party.

Appellant also contends that W. H. Lyons should have been made a party to this proceeding because the evidence shows that he claims an interest in the water ██ involved in this suit. Such contention is also made for the first time in this court. Comp. Laws Utah 1917, provides:

Section 6510: "Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants; but if the consent of any one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason thereof being stated in the complaint; and when the question is one of a common or general interest of many persons, or when the parties are numerous and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

Section 6512: "All persons holding as tenants in common or as joint tenants, or any number less than all, may jointly or severally commence or defend any civil action or proceeding for the enforcement or protection of the rights of such party. In all cases one tenant in common or joint tenant can sue his cotenant."

It is alleged in the amended complaint "that the plaintiffs and others are now, and for a long time hitherto have been, the owners as tenants in common of the right to use all of the waters of those certain springs known as * * * Stewart springs," etc. As far as the evidence shows, interest as W. H. Lyons may have in and to the spring water in controversy is as a tenant in common with the persons who are specifically named as parties plaintiff. These plaintiffs may, under the provision of the law above quoted, prosecute an action for a cotenant who is not specifically named as a plaintiff. Moreover, the defendant having failed to object to the complaint by either demurrer or answer, he is "deemed to have waived the same, excepting only the objection to the jurisdiction of the court, and the objection that the complaint does not state facts sufficient to constitute a cause of action." Comp. Laws Utah 1917, § 6573. The amended complaint states a cause of action, and the court had jurisdiction of the parties before it and of the subject-matter of the suit. Defendant cannot be heard to

complain in this court for the first time because W. H. Lyons was not specifically mentioned as a party to this suit.

From what has been said it follows that the judgment and decree appealed from should be, and the same is, reversed. The cause is remanded to the district court of Morgan county with directions to grant a new trial. Appellant is awarded his costs on appeal.

CHERRY, C. J., and STRAUP, EPHRAIM HANSON, and FOLLAND, JJ., concur.